UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL ALFORD,

    Plaintiff,

v.                                           Case No. 5:20cv305-RV-HTC

FCI MARIANNA FLORIDA, et al.

    Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

    This matter is before the Court on Plaintiff's amended complaint (ECF Doc. 10), which has been referred to the undersigned under 28 U.S.C. § 636 and Local Rule 72.2(C). Upon review, the undersigned recommends this action be DISMISSED without prejudice as malicious for abuse of the judicial process for Plaintiff's failure to disclose his complete litigation history. Namely, Plaintiff failed to disclose at least five (5) federal actions and six (6) Eleventh Circuit Appeals either challenging Plaintiff's conviction or otherwise related to the conditions of Plaintiff's confinement.

I.  **BACKGROUND**

Plaintiff, Michael Alford, is a federal prisoner currently incarcerated at FCI Marianna. Plaintiff initiated this action by filing a handwritten petition for preliminary injunction complaining of lack of access to a computer, typewriter, case law, and copier while at FCI Mariana.[1] ECF Doc. 1. As defendants, Plaintiff named FCI Mariana and the Federal Bureau of Prisons. Upon review, the undersigned issued an order directing Plaintiff to file an amended complaint utilizing this Court's forms and a motion to proceed *in forma pauperis*. ECF Doc. 5. Subsequently, Plaintiff filed a motion to proceed *in forma pauperis* (ECF Do. 12), which was granted (ECF Doc. 13); a motion to amend or supplement (ECF Doc. 9); an amended complaint (ECF Doc. 10), and a memorandum in support of amended complaint (ECF Doc. 11).

In the amended complaint, which differs from Plaintiff's original petition, Plaintiff sues Mackelberg, the Warden of FCI Mariana; Harrison, the Assistant Warden; three (3) mail department employees: Harris, Pittmen, and Pfuguson; and

---

[1] Plaintiff also filed a motion for preliminary injunction, which, while including the same complaints as his petition regarding lack of access to computers, case law, etc., also includes a hodgepodge of complaints ranging from a request for more phones to allowing freedom of movement and ending the quarantine to providing work for transgender women and allowing for purchases on Amazon.com. ECF Doc. 4. Plaintiff also seeks monetary damages. *Id.*

Dr. Proulx, for discriminatory treatment based on Plaintiff's transgender status.[2] ECF Doc. 10 at 9.

Plaintiff alleges, generally and without reference to a specific defendant, that she is "being treated differently than other females in the BOP by being discriminated [against], sexually harassed, threaten[ed], [and] stereotyped" in violation of her First, Eighth and Fourteenth Amendment rights as well as her rights under the Americans with Disabilities Act (ADA) ECF Doc. 10 at 10; *see also* ECF Doc. 11. Specifically, Plaintiff alleges 1) she is being forced to shower with male prisoners without a properly sized door or separation, 2) she is not able to enjoy her preferred television (TV) programs because there are no approved programs for women; 3) she is being prevented from purchasing female products at the prison commissary, 4) she is being prevented from wearing women's clothing such as hair ties and earrings, and 5) she is being prevented from ordering women's catalogs such as Victoria Secret and Teen Vogue. *Id.* at 2-3, ECF Doc. 11 at 2-6.

Plaintiff further alleges Defendants are interfering with her ability to access the Court by forcing her to use outdated equipment, such as a typewriter, which prevents her from meeting Court deadlines (although she does not identify any

---

[2] One of Plaintiff's requests for relief is that Defendants stop using male pronouns to identify Plaintiff. Thus, the Court will use "she" and "her" when referring to Plaintiff.

deadline she has missed or how any missed deadline has adversely affected her). ECF Doc. 11 at 7. Plaintiff also alleges Defendants have subjected her to cruel and unusual punishment by attempting to transform FCI Marianna into a "highly restricted penitentiary," and by removing her "desk, mirror, bulletin board, microwave[], blankets, and uniforms." ECF Doc. 10 at 11, 13.

## II. STANDARD OF REVIEW

Because Plaintiff is (1) an inmate seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review her complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

"A plaintiff's affirmative misrepresentation regarding [her] prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at

*1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## III.  DISCUSSION

At the end of the amended complaint, Plaintiff signed her name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT." ECF Doc. 10 at 7.  Despite that declaration, Plaintiff made false representations in the amended complaint by omitting numerous actions and appeals which she previously filed.

Section IV of Plaintiff's amended complaint, titled Previous Lawsuits, specifically asks, "Have you initiated other actions . . . in either state or federal court that relate to the fact or manner of your incarceration *(including habeas corpus petitions) or the conditions of your confinement* (including civil rights complaint about any aspect of prison life . . . )?" ECF Doc. 10 at 4. (emphasis added).  For this section, as well as the other three sections regarding previous lawsuits, Plaintiff checked "No", indicating she had not filed *any* previous lawsuits necessary to be disclosed. *Id.* at 3-4.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms,

especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation, the undersigned takes judicial notice of the following actions which Plaintiff filed but failed to disclose.

5:2004cv410 *Alford v. USA* (Florida Northern District Court)
5:2005cv395 *Alford v. FCC Coleman-Low et al.* (Florida Middle District Court)
5:2006cv94 *Alford v. Tyler et al.* (Mississippi Southern District Court)
5:2006cv95 *Alford v. Federal Bureau of Prisons et al.* (Mississippi Southern District Court)
5:2019cv488 *Alford v. USA* (Florida Northern District)
0:2012crim13617 *USA v. Michael Alford* (Eleventh Circuit Court of Appeals)
0:2017crim14073 *USA v. Michael Alford* (Eleventh Circuit Court of Appeals)
0:2019crim12371 *USA v. Michael Alford* (Eleventh Circuit Court of Appeals)
0:2019crim13429 *USA v. Michael Alford* (Eleventh Circuit Court of Appeals)
0:2019crim13742 *USA v. Michael Alford* (Eleventh Circuit Court of Appeals)
0:2020crim12384 *USA v. Michael Alford* (Eleventh Circuit Court of Appeals)

Each of these cases bear Plaintiff's name and BOP inmate number, 05123-017, and include one (1) § 1983 conditions of confinement claim, two (2) § 2241 habeas petitions challenging Plaintiff's credit for good time served and denial of placement in a half-way-house, two (2) § 2255 Motions challenging Plaintiff's sentence, and six (6) Eleventh Circuit appeals challenging the District Court Judge's decision on Plaintiff's sentence, criminal forfeiture, request for counsel, request to extend the statute of limitations, and request for compassionate release. Of note,

Case No. 5:20cv305-RV-HTC

Plaintiff filed her last appeal roughly three (3) months prior to the initiation of this action but did not disclose it in her amended complaint.

Plaintiff's *pro se* status does not excuse her from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: "**FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.**" ECF Doc. 10 at 3. Nonetheless, Plaintiff made a false representation in her amended complaint. If Plaintiff suffered no penalty for her untruthful response, there would be little or no disincentive for her attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false response to go unpunished. As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form

Case No. 5:20cv305-RV-HTC

would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

Accordingly, it is ORDERED:

1.	The clerk is directed to terminate Plaintiff's Petition for Preliminary and Injunction (Doc. 1) as that petition is no longer the operative pleading now that Plaintiff has filed an amended complaint.

It is also respectfully RECOMMENDED that:

1.	This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process.

2.	The clerk be directed to terminate all pending motions.

3.	The clerk be directed to close the file on this matter.

DONE AND ORDERED this 1st day of March, 2021.

                  *s/ Hope Thai Cannon*
                  **HOPE THAI CANNON**
                  **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.